IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD E. WILMSHURST,

    Plaintiff,                               CIV. NO. S-06-0021 MCE GGH PS

    vs.

BILL LOCKYER, et al.,

    Defendants.                             <u>FINDINGS AND RECOMMENDATIONS</u>

        Previously pending on this court's law and motion calendar for April 27, 2006, was defendant Maris' motion to dismiss, filed March 21, 2006. Plaintiff filed an opposition on March 31, 2006.[1] Plaintiff appeared in pro se. David Sirias represented defendant Maris. Also before the court is defendants Lerner, Ramirez and Johnson's motion to dismiss, filed February 28, 2006, which was taken under submission without a hearing.[2] Having reviewed the record and

\\\\\

---

[1] This opposition is addressed to both the motion to dismiss brought by Maris and the motion brought by the other defendants which was originally set for hearing on April 6, 2006. Because the opposition is untimely in regard to defendants' February 28, 2006, motion, it will not be considered in that regard.

[2] Although plaintiff has named additional defendants in his complaint, there is no record of service on the other defendants, and Maris, Lerner, Ramirez and Johnson are the only defendants who have appeared so far in the action.

1

heard oral argument on Maris' motion, the court now issues the following findings and recommendations.

BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 on January 5, 2006, against various defendants including Tony Maris, employee of the Calaveras County Environmental Health Department, and Raissa Lerner, Astrid Johnson and Larry Ramirez, employees of the State of California, based on a suit against him in state court for Health and Safety Code violations in hazardous underground waste storage and disposal which occurred on his properties. The instant defendants are involved in the state court proceeding where plaintiff is the defendant.

The first claim for relief in the instant complaint is violation of "plaintiff's federal civil rights by conspiring to have a search warrant issued on grounds based upon the perjury of Larry Ramirez and illegally inspecting property of plaintiff." Compl. at 4. The second claim for relief is attempting "to intimidate plaintiff into paying large penalties based on unlawful and untrue statements." Id. at 5. In regard to defendant Maris, the complaint alleges that Maris reported plaintiff's property as contaminated, that he reneged on an alleged agreement not to call the State "if it was not legally necessary," and that "he made a small oil spill on the ground at the 20,000 tank removal site." Id. at 3-4. Defendant Ramirez is an employee of the Department of Toxic Waste Substance Control. Plaintiff alleges that he inspected plaintiff's vehicle dealership even though plaintiff did not think this state agency had jurisdiction over his property, based upon a perjurious application for an inspection warrant, in which defendant Johnson joined. Id. at 4. The complaint also alleges that defendant Lerner knew of the false statements in Ramirez' warrant application. Id. Plaintiff seeks damages.

On the face of the complaint, in paragraph 6, plaintiff alleges that his travails commenced in 2002. Although the remaining paragraphs of the complaint are not expressly dated, the fair inference from reading all paragraphs is that all actions were completed in 2002, or

at latest, in 2003.  Moreover, in the opposition considered by the court, and also, by reference to the hearing, plaintiff did not contest the limitations defense as asserted by defendants as to its factual accuracy; he only asserted a continuing violation theory (discussed infra).  Therefore, the court finds that the complaint references activities that transpired no later than 2003.

MOTIONS TO DISMISS

All defendants raise distinct grounds for dismissal; however, they all move to dismiss based on the statute of limitations.  Because this court finds that dismissal is proper on this basis, it will not address the other grounds raised by defendants.

For civil rights actions under 42 U.S. C. § 1983, federal courts apply the statute of limitations of the state in which the claim arises.  See Donoghue v. County of Orange, 848 F.2d 926, 929 (9th Cir. 1987).  State law also determines the application of tolling doctrines.  See Hardin v. Straub, 490 U.S. 536, 543-44 (1989) (relevant state tolling statutes apply to prisoners' civil rights suits); Johnson v. Railway Express Agency, 421 U.S. 454, 464-65 (1975) (state tolling provisions apply unless an important federal policy will be undermined by their application).

Section 1983 actions are characterized as personal injury actions for purposes of identifying the applicable statute of limitations.  See Wilson v. Garcia. 471 U.S. 261, 268-71, 276 (1985); Bianchi v. Bellingham Police Dep't., 909 F.2d 1316, 1317 (9th Cir. 1990).  In California, as of January 1, 2003, the applicable statute of limitations is California Code of Civil Procedure § 335.1, which provides for a limitations period of two years from the date the cause of action accrues.  See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  At the time of the alleged injury, the limitations period was one year for personal injury actions.  See former Cal. Code Civ. Proc. § 340(3); McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir. 1991); Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).  Whether the one year or two year statute applies is immaterial on the facts of this case.

\\\\\

1          While normally the burden of proving that the statute of limitations has expired
falls on the defendant, see Bradford-White Corp. v. Ernst & Whinney, 872 F.2d 1153, 1161 (3d
Cir. 1989), when the statute of limitations defense shows on the face of the complaint, the burden
of alleging facts which would extend the statute falls upon the plaintiff. Conerly v.
Westinghouse Elec. Corp., 623 F.2d 117, 120 (9th Cir.1980); Rutledge v. Boston Woven Hose &
Rubber Co., 576 F.2d 248, 249 (9th Cir.1978). "[I]f the plaintiff . . . pleads facts and the facts
show that he is entitled to no relief, the complaint should be dismissed.  There would be no point
in allowing such a lawsuit to go any further; its doom is foretold." American Nurses' Ass'n v.
Illinois, 783 F.2d 716, 727 (7th Cir.1986). See Tregenza v. Great Am. Communications Co., 12
F.3d 717, 718 (7th Cir.1993) (where affirmative defense of statute of limitations follows
inevitably from facts pleaded in complaint, Rule 12(b)(6) dismissal may be proper), cert. denied,
511 U.S. 1085, 114 S. Ct. 1837, 128 L.Ed.2d 465 (1994); Thomas v. Farley, 31 F.3d 557,
558-559 (7th Cir.1994) (plaintiff choosing "to plead particulars, and they show he has no claim,
then he is out of luck – he has pleaded himself out of court.")

           It appears that plaintiff's claims accrued more than one year or two years, for that
matter, before he filed the instant complaint. The alleged wrongdoing occurred in 2002/2003 and
the complaint was filed on January 5, 2006. Although not raised in his opposition, plaintiff
argued at hearing that defendants' actions constituted a continuing violation which renders this
action timely, citing Gutowsky v. County of Placer, 108 F.3d 256 (9th Cir. 1997). That case
permitted the continuing violation theory to apply to § 1983 actions in general, and that case in
particular, because the defendant county denied its female employee a promotion to position as
heavy equipment operator for the duration of her employment until she filed her complaint. The
Ninth Circuit reasoned that each day without promotion could constitute a new violation because
it was evidence of a policy or pattern of discrimination that was in place during the entirety of the
employment. Id. at 260.

\\\\\

It is important to note, however, that a continuing violation occurs where there are continuing unlawful acts, not continuing ill effects, harm, or impact. Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001) (citing Ninth Circuit cases holding "mere 'continuing *impact* from past violations is not actionable'") (emphasis in original); Superior-FCR Landfill, Inc. v. County of Wright, 59 F. Supp.2d 929, 935-36(D. Minn. 1999), quoting National Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1166 (4th Cir. 1991). Plaintiff must establish that the unlawful conduct was a continuing practice by some sort of continuing action or conduct. FCR Landfill, Inc., 59 F. Supp.2d at 936. A showing of ill effects which continued to injure the plaintiff is not enough to show a continuing violation. Id. Without an affirmative act during the statutory period, the continuing violation theory cannot be supported. Id. In Knox, the court refused to find a continuing violation where a prison lawyer who had previously been suspended from legal mail and visitation privileges continued to be denied these privileges. The court found that the "CDC's subsequent and repeated denials of Knox's privileges with her clients is merely the continuing effect of the original suspension." Knox, 260 F.3d at 1013.

Plaintiff has not met his burden. His complaint alleges violations which occurred in 2002, 2003 at latest. It does not allege any continuing violation beyond these years. Plaintiff's opposition did not raise this theory other than to state that "a continuing federal civil rights conspiracy can be alleged in the Ninth Circuit," and that he would present legal authority for it at the hearing. At hearing, plaintiff argued that Calaveras County filed an action against him personally, which is ongoing, thus the continuing violation. As in Knox, subsequent action based on the initial lawsuit is merely the continuing effect of the original act. It cannot be cured by amendment.

CONCLUSION

Accordingly, IT IS RECOMMENDED that:

1. The motion to dismiss by defendants Lerner, Ramirez and Johnson, filed February 28, 2006, be granted;

5

1        2. The motion to dismiss by defendant Maris, filed March 21, 2006, be granted;
2 and
3        3. This action be dismissed with prejudice.
4        These findings and recommendations are submitted to the United States District
5 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
6 (10) days after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
9 shall be served and filed within ten (10) days after service of the objections.  The parties are
10 advised that failure to file objections within the specified time may waive the right to appeal the
11 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
12 DATED: 5/19/06            /s/ Gregory G. Hollows
13            GREGORY G. HOLLOWS
           U. S. MAGISTRATE JUDGE
14 GGH:076
Wilmshurst21.mtn.wpd